The opposing side's presentation will be deemed submitted on the briefs because of the failure to comply with the court's orders and rules. And you may argue, if you wish, you must be Mr. Jones, yes? No, I'm sorry, are you Mr. Kokus? Yes, Your Honor, Don McKokus appearing on behalf of O'Neill Lysaght and Son. Essentially what we're asking the court to do is simply to remand this issue to the district court so that Judge Felser may decide how to exercise her discretion. She said there was no jurisdiction? She concluded that there was no jurisdiction based on the fact that, in her view, there was no pending case or controversy under Article III. So there's no subject matter jurisdiction with respect to your claim for attorney's fees? She concluded that under the analysis for Section 1367, which applies to supplemental jurisdiction. I mean, our argument as to that is the very property that's in dispute here remains within the court's jurisdiction pursuant to the CERCLA consent decrees that are cited and attached in the excerpts of record. Well, the claim for attorney's fee is not an integral part of the complaint, right? I'm sorry, I don't follow. It's not an integral part of your cause of action. It's not like having a contract that says you do all of these things and in the event of a breach and we have to go to court, you're going to get reasonable attorney's fees and costs. That's not what you have. Correct. What you have is a private collateral agreement in which counsel is employed on a letter contract or whatever, right? Correct. That is what we have. And that's not mentioned in the complaint? No, that isn't mentioned in the complaint. The complaint goes all the way to judgment. Correct. And the mandate issues, it's all over, right? Correct. But under the court's ancillary jurisdiction, the court... What is it? Federal question? Not a federal question. It's a matter of state contract. Your Honor, actually, the nature of our dispute is a contractual question. Why didn't you plead it if you had a claim? We didn't have a claim at the time the lawsuit was filed because we had an attorney... Now that you have a claim for attorney's fees, go file in state court. Your Honor, the reason that that hasn't been done is that we believe this court still retains jurisdiction of the property in dispute pursuant to the circle of claims. We have limited jurisdiction. We're going to do exactly what Congress says we can do. So tell me where Congress said we have jurisdiction of this kind of case. Well, two places. First, Congress has said so, I believe, in 1367. What does it say? It says... You can bring any action for attorney's fees to the federal district court, right? No, it doesn't say that, Your Honor. It doesn't say. It says that the court may choose whether or not to exercise discretion if there is a pending Article III case or controversy. So the district court didn't have to and didn't. It didn't have to, but it actually didn't even reach that question. It concluded that it couldn't exercise discretion. We're not asking this court to compel it to exercise discretion to assert jurisdiction. So the authority for that is that it has discretion to exercise? Two places. One is the whole Sprague, Cooter v. Gell, and White line of cases, which indicates that under the court's ancillary jurisdiction, it didn't need a pending Article III case or controversy. Your best case under that rubric is? Well, our best case... Well, all three of those, I believe, are probably good, but I think Sprague is probably closest to the facts of this situation. Not Currie v. Del Fiore? I'm sorry? Not Currie v. Del Fiore? Well, I mean, we like Currie. I mean, I guess the only issue is what we needed to was to show that past Koconen and past Peacock, that Article III jurisdiction is not required for a court to assert ancillary jurisdiction. But to assert ancillary jurisdiction, there has to be a claim that is necessary for the enforcement or implementation of the court's judgment. This is a wholly independent claim. It has nothing to do with the court's judgment. Well, Your Honor, neither do ordinary attorney's fees disputes that arise after the conclusion of a litigation. They're not subject to jurisdiction. They're not subject to the court's subject matter jurisdiction. But they appear to be subject to the court's ancillary jurisdiction pursuant to... Well, what's the best case on attorney's fees being subject, being within the subject matter jurisdiction of the court, where there has been a judgment added and the claim does not arise out of any of the transactions that are subject to the lawsuit? Or statute. Or statute. All three of those cases. And in addition, I would cite Curry. In addition, I would cite Zucker's pronouncement that Article III jurisdiction isn't necessary for ancillary. Well, Sprague is a common fund case. The claim for attorney's fees arises out of a common fund. You don't have a common fund case. No, we have property over which the court continues to have jurisdiction. Attorney's fees are not related to the property, are they? The attorney's fees, the property is our attorney's fees. That's what we were promised by Mr. Ferrante. Right, but that's not the subject matter of the lawsuit. No, the property itself. The court retains jurisdiction over the property. But, yes, it's true. That wasn't the subject matter. Because of the surplus? Because of the consent decree. But the court didn't retain jurisdiction to award attorney's fees in the consent decree. It didn't specifically contain that because... Because that's the Cocona case. Correct. And the Sprague case is a 1988 case, Section 1988, right? Right. So that has nothing to do with your case, right? I disagree that it has nothing to do with it. Well, it's a statutory attorney's fees case. Understood. But it seems to me that the source of the entitlement to the attorney's fees wasn't critical to those cases. It's simply that does the court have ancillary jurisdiction? And it's not a question that's tied to an Article III case or controversy, at least for ancillary jurisdiction. I get your point. And as to supplemental jurisdiction under the statute, clearly, I mean, clearly we did have to show a pending case or controversy. But the cases that seem to establish that it's enough to show that the court retained some jurisdiction of the matter. And in this case, we have two consent decrees, and one in particular over the very property that's the subject of the dispute right now. Well, you should have provided in the consent decree continuing jurisdiction over the attorney's fees dispute. Had we known that Mr. Ferrante wouldn't have, you know, would walk away, yes. I mean, that would, in my view, had we done so, the court would have abused its discretion had it decided not to assert jurisdiction of that. We're not saying the court had to. We're only saying the court had discretion and that it didn't. It doesn't appear that, because in her order, the first or second page, she said the parties seem to think that this is a matter within the court's discretion. And then the court spent the next 12 or 15 pages stating why it didn't think it had any discretion to exercise. Because there was no pending litigation. Right. But that was solely based on two things. One, Mr. Ferrante's representation at the time that the court had no continuing jurisdiction of anything, which the court apparently believed when it drafted that order. And second, it was the court's misunderstanding that after Peacock, there was no more common law ancillary jurisdiction. The court thought that Peacock codified all of what used to be ancillary jurisdiction into the statute, thereby applying the Article III case in controversy to both of those prongs. A close reading of Peacock indicates that that's not what the court did there or did. Okay. Thank you. We've got a couple of minutes left. Do you want to save it for a bottle? Oh, thanks, Your Honor. I think we understand your position. Okay. Thanks. Thank you. Case decided. You stand submitted. We'll next hear argument in Applied Companies v. Lockheed Martin Libroscope. Good morning.
judges: Beezer, Kozinski, Schwarzer